UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL BROOKS WARZYN,

                 Plaintiff,

v.                                                    Case No. 23-cv-533-pp

DWILETTE ARCHER, *et al.*,

                 Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

On October 27, 2023, the court screened plaintiff Samuel Brooks Warzyn's complaint under 42 U.S.C. §1983 and concluded that it did not state a claim. Dkt. No. 12. The court explained that although the complaint sufficiently alleged that the plaintiff suffered from an objectively serious medical condition, it did not provide enough information for the court to determine whether any named defendant was aware of but disregarded that serious medical condition. Id. at 5–7. The court determined that the complaint "could state a claim against one or more defendants," and gave the plaintiff "an opportunity to amend his complaint to correct the deficiencies noted and better explain his claims." Id. at 8.

On November 27, 2023, the court received the plaintiff's amended complaint. Dkt. No. 13. This order screens that amended complaint.

## I. Screening the Amended Complaint (Dkt. No. 13)

### A. Federal Screening Standard

As the court explained in its previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The original complaint named only one defendant (Dwilette Archer) and sought to proceed against "D.C.I. Medical Staff." Dkt. No. 1 at 1. The amended complaint names numerous defendants, including Archer and Dr. Sukowody, NR. Vaughan, NR. Rodrgaeg, NR. Morh, NR. Wigheu, NR. Kovodchuk, NR. Jukubsak, NR. Sagardi, LPN. Kaopidlowski, NR. Sieiher, NR. Roach, NR. Sarnowski and NR. Loius. Dkt. No. 13 at 1. The amended complaint also names DCI (Dodge Correctional Institution) staff Dr. Jane and John Doe, Nurses Jane Doe #1–4, LPN Jane Doe #5, NR. John Doe #6 and Jane Doe #7. Id.

The amended complaint is difficult to follow. The court understands the plaintiff to allege that on March 16, 2023, Archer falsely told "her staffs at (HSU) the defendants on 1st shift that [the plaintiff] had self-harmed and self-inflicted the (injuries) to both of [his] Hands and Arms." Id. at 2. He says that

3

"all the defendants had denied and refused to provide [him] medical help and treat [him] for the pain [he] was having in both of [his] Hands and Arms." Id. The plaintiff alleges that "the C.O. Officers had told them that [he] was attacked by two(2) inmates and that's how both of [his] Hands and Arms were injury [*sic*]." Id. He says that "for a[n] hour [he] was been [*sic*] denied medical attention for [his] pain." Id. The plaintiff alleges that he "was sent to (RHU) 'segregation' for [self-harming]" because of Archer's allegedly false statements. Id. He says he remained there until he "was sent to Aurora Hospital Orthopedic Doctor." Id. The plaintiff reiterates that he "did not self-inflicted [*sic*] these injuries like defendant Archer had stated to her staffs which caused them to not help [him] out when [he] was seen by them after the attack by the two inmates." Id.

The plaintiff says that Archer "had also told [*sic*] that [he] was able to use [his] hands to eat [his] food with utensils." Id. at 3. But he alleges that on March 3, 2023, "the Orthopedic Doctor[] had put two(2) casts on both of [his] hands and arms, and therefore [HSU] manager Archer, and her staffs knew that [he] could not used [*sic*] [his] hands and arms to eat with the utensils." Id. The plaintiff says that he received "finger food" at the hospital, but "all the HSU Defendants had continue to send [him] food that [he] had to try and use utensils" to eat. Id. He says that because of his casts, he "could not used [*sic*] the utensils to eat the food that MSDF (HSU) continue to[]provided [*sic*] to [him] to eat." Id.

The plaintiff alleges that

the staffs at Dodge (HSU) Jane & John Doe Doctors who was seen [him] from March 8th, 2023 until March 16th, 2023 as well as the Jane Doe Nurses who all so was seeing [him] . . . had provided false information when they told MSDF HUS Doctors and Nurses that [he] can 100% used both of [his] hands when the Doctors and Nurses at DCI knows that both of [his] hands were in casts that the Aurora Hospital Orthopedic Doctor had put on both of [his] hands and arms from [him] being attacked by the two(2)inmates at MSDF on Feb. 27th, 2023, cause of the false informations by the defendants from DCI jane and john doe Doctors and Jane and John Does Nurses [he] was DENIED the proper MEDICAL CARE and MEDICAL HELP that [he] had needed to eat and take care of [him]self by been able to WASH [HIM]SELF UP, OR WIPE [HIM]SELF AFTER [HE] HAD USED THE BATHROOM.

Id.

The plaintiff alleges that "[t]he staffs at msdf knew that [he] was attacked by two(2) inmates who had broken both of [his] hands and arms, and both defendants from MSDF and DCI knew this before they had started to DENIED and REFUSED [him] MEDICAL HELP while [he] was not able to feed [him]self nor wash [him]self after or before using the bathroom . . . . ." Id.

The plaintiff seeks $5 million in damages against "all the defendants" for his pain and suffering endured from their alleged inadequate care and from denying him finger foods and forcing him to try to eat food with utensils while he had the casts on his arms. Id. at 4. He also seeks damages for the defendants "not providing [him] with staffs that were to [*sic*] supposed to help [him] take showers and clean [him] up . . . when the defendants knew that [he] could not do these things [him]self." Id.

    C.    Analysis

The court reads the amended complaint to allege that the plaintiff was attacked by two incarcerated persons on February 27, 2023. He alleges that

HSU (Health Services Unit) Manager Archer (the lead defendant in the lawsuit) falsely told her staff that the plaintiff had self-inflicted his injuries. He says staff refused to help him or provide him medical care for at least an hour because of Archer's comments. He also says he was sent to segregation because of Archer's comments, where he remained until he went to a hospital on March 3, 2023. A doctor at the hospital fitted both the plaintiff's hands and arms with casts. The casts made it difficult or impossible for the plaintiff to eat using utensils, shower on his own or clean himself after using the bathroom. The hospital provided the plaintiff "finger foods" to eat without utensils. He says that staff at the institution knew he could not eat with utensils, but they did not provide him finger foods and forced him to try to eat using utensils. The plaintiff alleges that the attack occurred while he was incarcerated at Milwaukee Secure Detention Facility (MSDF); but at some point, he was transferred to Dodge.[1]

As the court explained in its previous order, the plaintiff's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834

---

[1] The Wisconsin Department of Corrections Offender Detail website shows that the plaintiff was incarcerated at MSDF from October 26, 2022 until March 6, 2023, when he was transferred to Dodge. He was transferred back to MSDF on March 14, 2023, then back to Dodge on July 11, 2023. He remained at Dodge only one day; on July 12, 2023, he was transferred to Green Bay Correctional Institution, where he remains incarcerated as of the date of this order. See https://appsdoc.wi.gov/lop/home/home (DOC #458229).

(1994). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*) (citing Farmer, 511 U.S. at 834). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

As it did before, the court finds that the plaintiff's allegations about his broken hands and wrists or arms satisfy the objective element of an Eighth Amendment claim. See Dkt. No. 12 at 5–6 (citing Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997); and Davis v. Samalio, 286 F. App'x 325, 328 (7th Cir. 2008). The question is whether the amended complaint alleges enough to hold any of the defendants liable for subjectively disregarding the plaintiff's medical needs.

The plaintiff directs most of the allegations in the amended complaint against Archer. He says Archer was aware of his injuries and knew he had been attacked by other incarcerated persons. He alleges that Archer falsely told her staff that the plaintiff had self-inflicted these injuries. Because of her comments, the plaintiff was not provided medical care or treatment and was instead sent to segregation. Even after the plaintiff returned from the hospital, Archer allegedly continued to provide HSU staff false information about his condition and care. He says that because of her comments, he was not given finger foods that he could eat without utensils, was not provided assistance in

the shower or bathroom and was forced to try and care for himself despite the casts. Unlike the allegations in the original complaint, the allegations in the amended complaint suggest that Archer was aware of the plaintiff's injury and repeatedly provided false information to staff at Dodge. Because of her false information, staff delayed or denied the plaintiff proper care. The court finds these allegations sufficient to satisfy the subjective component of an Eighth Amendment claim. The plaintiff may proceed on this claim against Archer.

But the plaintiff has not stated a claim against any other defendant. Archer is the only defendant against whom the amended complaint directs specific allegations. The amended complaint otherwise refers to the defendants as "staff," "the defendants" or "Jane and John Does." The court explained in the previous order that "[t]he 'staff' of a prison or a prison unit is not a proper defendant because it is not a person that may be sued under §1983." Dkt. No. 12 at 7–8 (citing Cash v. Marion Cnty. Jail, 211 F. App'x 486, 488 (7th Cir. 2006); and Gray v. Weber, 244 F. App'x 753, 754 (8th Cir. 2007)). The court advised the plaintiff that he "may use a John or Jane Doe placeholder if he does not know the name of the person or persons he wishes to sue. But he cannot broadly name an entire medical unit as a defendant." Id. at 8.

The plaintiff names seven Jane or John Doe defendants in the caption of his complaint. He similarly identifies about a dozen nurses or doctors by name. But the amended complaint contains no specific allegations against *any* of those persons. It does not mention any of the named defendants outside of the caption, and it mentions the Doe defendants only collectively. The plaintiff does

not specify the institution (MSDF or Dodge) at which any of the defendants worked, does not explain which of them (if any) personally saw or examined him and he does not say what any of them specifically did or failed to do. Simply listing the names of potential defendants, without alleging what each personally did to violate his rights, is not enough to hold them liable under §1983. The plaintiff "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000); see also Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (affirming that "vague phrasing" in complaint that "'one or more of the Defendants' had engaged in certain acts or deprived [plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts"). The amended complaint does not satisfy these pleading standards; it seeks to hold all defendants (except Archer) collectively liable for the same conduct without alleging what any of them did that violated the plaintiff's rights. Those broad allegations do not state a claim against any of those defendants. The court will dismiss all defendants except Archer. The plaintiff may not proceed against any other person named in the caption of his complaint.

## II. Conclusion

The court **DISMISSES** defendants Dr. Sukowody, NR. Vaughan, NR. Rodrgaeg, NR. Morh, NR. Wigheu, NR. Kovodchuk, NR. Jukubsak, NR. Sagardi, LPN. Kaopidlowski, NR. Sieiher, NR. Roach, NR. Sarnowski, NR. Loius, Dr.

9

Jane and John Doe, Nurses Jane Doe #1–4, LPN Jane Doe #5, NR. John Doe #6 and Jane Doe #7.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendant Dwilette Archer at Dodge Correctional Institution. Under the informal service agreement, the court **ORDERS** the defendant to respond to the amended complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

10
Case 2:23-cv-00533-PP   Filed 01/03/24   Page 10 of 10   Document 14